1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                          * * * * *

9   COMMODITY FUTURES TRADING              )
    COMMISSION,                            )   3:06-cv-00512-LRH-RAM
10                                         )
                            Plaintiff,     )   ORDER
11                                         )
    vs.                                    )
12                                         )
    ALLIANCE DEVELOPMENT COMPANY,          )
13  WILLIAM SNYDER, and CHRISTI            )
    WILSON,                                )
14                                         )
                            Defendants.    )
15  _____    )

16         Before the court are two motions: Plaintiff's Motion for Order of Contempt, Immediate

17  Compliance with Court Orders, Additional Information, and Attorneys' Fees (#54) and

18  Defendant William Snyder's (hereafter "Snyder) Motion to Modify Preliminary Injunction (#41).

19  The respective nonmoving parties have filed oppositions and the Plaintiff has filed a reply in

20  response to Defendant Snyder's response to the Motion for Order of Contempt (#66).

21         Upon review of the Motion for Contempt, the court finds that Snyder is in violation and

22  remains in violation of the court's Statutory Restraining Order (SRO) and Consent Order of

23  Preliminary Injunction against William Snyder (Consent Order) and, therefore, is in contempt of

24  court.

25         The court further finds that Snyder has violated the asset freeze order imposed by the

26  SRO and the Consent Order.  Specifically, Snyder violated the asset freeze imposed by Part I of

27  the SRO and Part VI of the Consent Order by dissipating frozen funds from accounts in Snyder's

28  name maintained at First State Bank of East Detroit (Acct. **** 0233) and Snow Falls Credit

1   Union (Accts. **********0071 and *********4007).

2       It is not clear to the court the degree or extent of the violations of the asset freeze order or

3   the purpose of those violations.  No affidavits have been filed by Snyder nor has any competent

4   showing been made to the court concerning funds which have been expended by Snyder in

5   violation of the SRO and Consent Order.  Snyder's counsel has made certain representations;

6   however, those are not competent evidence and will not be relied upon by the court.  Yet, it

7   would appear that some amount of dissipation of funds may have occurred for purposes of basic

8   living expenses by Snyder and other necessary expenses.  These showings, as well as whether

9   and what checks may have bounced and the reason therefor will require evidence by affidavit or

10  other competent evidence.  The court will defer ruling upon any sanctions for Defendant

11  Snyder's contempt until such evidence and information is provided.  To that end, the court orders

12  that a response by the respective parties be filed within twenty (20) days of the entry of this

13  Order.  Each party shall have five (5) days to respond.

14      IT IS FURTHER ORDERED that Snyder shall immediately comply with the freeze order

15  imposed by the SRO and Consent Order.

16      IT IS FURTHER ORDERED that within twenty (20) days of the entry of this Order that

17  Snyder shall provide Plaintiff with the following information for the time period of October 3,

18  2006, to the present: (1) a complete listing of all accounts that Snyder has opened (in his name or

19  the name of an alias) or in which Snyder has had a beneficial interest; (2) a list of all persons

20  Snyder has solicited; (3) a description of what Snyder is soliciting customers for; (4) a list of all

21  aliases that Snyder may have used when soliciting others for money; and (5) a disclosure of all

22  amounts and sources of income Snyder has received.

23      Snyder's counsel has asserted that $270,000 out of an approximately $400,000 obtained

24  through the scheme alleged in the Complaint has been frozen.  However, there has been no

25  accounting provided by Snyder relative to these funds.  The court orders that a full accounting

26  concerning these funds be prepared by Snyder and provided to Plaintiff on or before twenty (20)

27  days of the entry of this Order.  Until such information has been provided, and Snyder has

28  otherwise complied with the matters identified in this Order, the SRO and the Consent Order,

2

1    Snyder's Motion to Modify the Preliminary Injunction is premature.

2         If the parties are unable to resolve the matters at issue which relate to Snyder's Motion to

3    Modify the Preliminary Injunction and to allow for reasonable living and other necessary

4    expenses to Snyder, the court will consider awarding such amounts as it finds reasonable.

5    However, the parties must first attempt to resolve these matters in a reasonable and good faith

6    manner and provide a certification by each party to such effect before the court considers the

7    motion.

8         In conclusion, the court grants Plaintiff's Motion for Order of Contempt (#54) in part,

9    orders immediate compliance with court orders, and orders additional information as previously

10   set forth herein.  Sanctions upon the contempt finding are deferred until further order of the

11   court.

12        Snyder's Motion to Modify the Preliminary Injunction (#41) is denied without prejudice

13   and may be renewed in the event that the parties are unable to resolve the matters related to his

14   motion following a good faith attempt to reach such a resolution.  However, if renewed, such

15   motion will require a documented showing of grounds in support thereof.

16        IT IS SO ORDERED.

17        DATED this 6th day of April, 2007.

18

19

20        _____
          LARRY R. HICKS
21        UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

                                    3